CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
Fax (410) 962-3630

February 19, 2014

LETTER TO COUNSEL:

RE: *William Thorne v. Carolyn W. Colvin, Acting Commissioner of Social Security;*
Civil No. TJS-13-0155

Dear Counsel:

On January 14, 2013, the Plaintiff, William Thorne, petitioned this Court to review the Social Security Administration's final decision to deny his Supplemental Security Income ("SSI") benefits. (ECF No. 1). The parties have filed cross-motions for summary judgment. (ECF Nos. 10 & 12). These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] (ECF Nos. 2 & 6). I find that no hearing is necessary. *See* Local Rule 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

The Plaintiff, William Thorne ("Mr. Thorne") filed his application for SSI on June 29, 2010. (Tr. 101-102). In his claim, Mr. Thorne claimed alleged disability beginning on December 6, 2000. (Tr. 101). The claim was denied initially on November 9, 2010 and on reconsideration on January 26, 2011, (Tr. 57, 58). A hearing was held before an Administrative Law Judge ("ALJ") on November 16, 2011. (Tr. 30-56). On January 18, 2012, the ALJ determined that Mr. Thorne was not disabled under the Social Security Act as he retained the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy. (Tr. 20-29). On November 13, 2012, the Appeals Council denied Mr. Thorne's request for review. (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ evaluated Mr. Thorne's claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. At step one, the ALJ found that Mr. Thorne was not engaged in substantial gainful activity, and had not been engaged in substantial gainful

---

[1] This case was originally assigned to the Honorable Jillyn K. Schulze. On October 8, 2013, after the filing of the cross-motions for summary judgment by the parties, this case was reassigned to the Honorable Thomas M. DiGirolamo. On January 23, 2014, this case was reassigned to me.

activity since the date of his application. (Tr. 22). At step two, the ALJ found that Mr. Thorne suffered from the severe impairments of major depressive disorder and "anxiety disorder/social phobia." (Tr. 22). At step three, the ALJ found that Mr. Thorne's impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 (the "Listings"). (Tr. 23-25). The ALJ determined that Mr. Thorne had no exertional limitations but that he was moderately limited in his ability to interact appropriately with the general public, to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, to respond appropriately to changes in the work setting, and to set realistic goals and make plans independently of others. (Tr. 25). At step four, the ALJ determined that Mr. Thorne had no past relevant work to which he could return. (Tr. 28). At step five, the ALJ found that given Mr. Thorne's age, education, work experience, and RFC, and based on the testimony of the vocational expert, there were jobs in significant numbers in the national economy that he could perform. (Tr. 28-29). Therefore, the ALJ found that Mr. Thorne was not disabled under the Social Security Act. (Tr. 29).

Mr. Thorne presents three arguments on appeal: (1) that the ALJ erroneously failed to assess Mr. Thorne's RFC by failing to perform a function-by-function assessment of his ability to perform the physical and mental demands of work (ECF No. 10-1 at 4-5); (2), that the ALJ failed to tailor his RFC determination to take into account Mr. Thorne's mental impairments (ECF No. 10-1 at 8-9); and (3) that the ALJ failed to properly evaluate the opinion of Mr. Thorne's treating physician (ECF No. 10-1 at 9-14). I will address each of these arguments in turn.

Mr. Thorne argues extensively that the ALJ failed to provide a function-by-function narrative discussion of his RFC and that reversal of the ALJ's decision is required. (ECF No. 10- at 3-8). A careful review of the record does not lend support to this argument. The ALJ's decision contains a comprehensive series of findings that are supported by the record. The ALJ reviews and summarizes Mr. Thorne's medical records dating as far back as 2003, tracking Mr. Thorne's medical care and treatment, including his mental health issues and his treating physician's evaluation. (Tr. 23). The ALJ also details Mr. Thorne's daily life, his social functioning, and his other functional abilities and limitations. (Tr. 24-26). The ALJ's decision adequately explains how he reached the RFC determination. (Tr. 25-27). Of note is the fact that the ALJ found that Mr. Thorne has some level of difficulty in social functioning, but even with moderate limitations, was capable of functioning during an eight-hour workday. (Tr. 23-25). The ALJ's adverse credibility determination as to Mr. Throne is also well-reasoned and supported by substantial evidence, including the ALJ's consideration of the differences between Mr. Thorne's testimony and other evidence in the record, his 25 years of substance abuse, and his daily activities, which include "driving, cooking, cleaning and laundry." (Tr. 27). There is substantial evidence to support the ALJ's analysis and conclusions regarding Mr. Thorne's RFC determination. I do not find this argument to be persuasive.

Next, Mr. Thorne contends that the ALJ's RFC findings fail to take into account his mental impairments and the limitations that result. The gravamen of this argument is that the ALJ failed to adequately explain his finding that Mr. Thorne had only moderate limitations in maintaining social functioning. (ECF No. 10-1 at 8). The ALJ made specific findings based on the record that Mr. Thorne's impairments had no more than a "mild" effect on his functioning

abilities. (Tr. 21-28). The ALJ reviewed Mr. Thorne's impairments to determine if these met or equaled a Listing. The ALJ reviewed the medical records and the medical opinion evidence, and properly determined from the record that Mr. Thorne did not meet or equal a listed impairment. (Tr. 26-27). Finally, the ALJ evaluated Mr. Thorne's RFC. (Tr. 27). The ALJ found

> that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b). The claimant has the residual functional capacity to occasionally lift and carry objects weighing 20 pounds and frequently life and carry objects weighing 10 pounds. He is able to sit for 8 hours and stand and walk for 6 hours in an 8-hour period. He requires the ability to change positions as necessary from sitting to standing.

(Tr. 27).

Of particular note is that the ALJ took into consideration the nature and extent of Mr. Thorne's mental impairments and concluded that "[t]he claimant's mental condition does not reduce his job base of unskilled jobs." (Tr. 27). The testimony of the vocational expert supports this conclusion. (Tr. 55-56). Because the ALJ's findings are supported by substantial evidence, Plaintiff's argument must be rejected.

Finally, Mr. Thorne argues that the ALJ failed to properly weigh the opinion of his treating physician, Dr. Fillyaw. (ECF No. 10-1 at 9-14). The opinion of a treating physician is entitled to controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques and 2) it is consistent with other substantial evidence in the record. *See Craig*, 76 F.3d at 590; see also 20 C.F.R. § 416.927(c).[2] Federal regulations require an ALJ to assess a number of factors when considering what weight to assign to the medical opinions presented. 20 C.F.R. § 416.927(c). These factors include: (1) the examining relationship between the physician and the claimant; (2) the treatment relationship between the physician and the claimant; (3) the extent to which a medical opinion is supported by relevant evidence; (4) the consistency of a medical opinion with the record as a whole; and, (5) whether the physician's opinion relates to an area in which they are a specialist. *Id*. While treating source opinions on issues reserved to the Commissioner, such as determining a claimant's RFC, are not entitled to controlling weight, the ALJ must still evaluate all of the evidence in the case record to determine the extent to which the physician's opinion is supported by the record as a whole. *Id*.

While the ALJ must generally give more weight to a treating physician's opinion, *see* 20 C.F.R. § 416.927(c), where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig*, 76 F.3d at 590; 20 C.F.R. § 416.927(c)(2). Specifically, an ALJ may attribute little weight to a treating source opinion when it is unsupported, inconsistent with other evidence in the record, or based on a short term treating relationship. *Id.*; *see also Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) ("The ALJ may choose to give less weight to the testimony of a treating

---

[2] Effective March 26, 2012, the Commissioner's regulations concerning medical opinions were revised, but without substantive change.

3

physician if there is persuasive contrary evidence[.]") The ALJ is also not required to give controlling weight to a treating physician's opinion on the ultimate issue of disability. 20 C.F.R. §, 416.927(d); SSR 96–5p, 1996 WL 374183. Pursuant to 20 C.F.R. § 416.927(e)(2)(ii), the ALJ is required to "explain in the decision the weight given to . . . any opinions from treating sources, nonteaching sources, and other non-examining sources who do not work for [the Social Security Administration]."

In this case, contrary to Mr. Thorne's claims, the ALJ appropriately considered the opinion of Dr. Fillyaw. The ALJ specifically discussed Dr. Fillyaw's treatment and opinion in the decision. (Tr. 23-24, 27). The Court finds that the ALJ accorded appropriate weight to Dr. Fillyaw's opinion as Mr. Thorne's treating physician, and that the ALJ's partial rejection of Dr. Fillyaw's opinion is supported by substantial evidence. The ALJ discounted Dr. Fillyaw's opinion due to a "significant gap in treatment" and that the opinion was "based on limited treatment." (Tr. 24, 27). The record supports this finding as Dr. Fillyaw saw Mr. Thorne on just three occasions (November 18, 2010, December 9, 2010, and January 20, 2011), with the last two appointments addressing medication management issues only. (Tr. 250-59, 283, 285). After a "significant gap in treatment" (Tr. 24), the ALJ found that Dr. Fillyaw's September 2011 opinion—that Mr. Thorne had moderate restrictions of activities of daily living, moderate difficulties in maintaining concentration, persistence of pace, one or two episodes of decompensation and marked difficulties in maintaining social functioning—was entitled to only limited weight. (Tr. 27). The ALJ stated that "limited weight is accorded to [Dr. Fillyaw's] assessment because it is based on limited treatment and is more restrictive than claimant's own demonstrated overall activities during the period in question (SSR 96-2p)." (Tr. 27). The ALJ's partial rejection of Dr. Fillyaw's opinion is supported by substantial evidence, and Plaintiff's argument to the contrary has no merit.

For the reasons set forth herein, Mr. Thorne's Motion for Summary Judgment (ECF No. 10) will be DENIED, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 12) will be GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                                      Sincerely yours,

                                                     /s/
                                                  Timothy J. Sullivan
                                                 United States Magistrate Judge